**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0001043
21-SEP-2015
08:28 AM**

NOS. CAAP-14-0001044 and CAAP-14-0001043

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

CAAP-14-0001044

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON K. BALCITA, Defendant-Appellant
(CRIMINAL NO. 12-1-1223)

AND

CAAP-14-0001043

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JASON K. BALCITA, Defendant-Appellant
(CRIMINAL NO. 12-1-1674)

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT

SUMMARY DISPOSITION ORDER
(By:  Nakamura, C.J., Foley and Reifurth, JJ.)

Defendant-Appellant Jason K. Balcita (**Balcita**) appeals
from the "Judgment of Conviction and Sentence/Notice of Entry"
entered on July 8, 2014 in the Circuit Court of the First
Circuit[1] (**circuit court**).

On appeal, Balcita contends the circuit court erred in
(1) granting Plaintiff-Appellee State of Hawai'i's (**State**)
November 8, 2013 "Motion to Consolidate for Trial" (**Motion to
Consolidate**), requesting consolidation of two robbery charges
against him; and (2) depriving him of his right to a fair trial
under article I, section 14 of the Hawai'i Constitution and the
Sixth Amendment to the United States Constitution due to twenty-

---

[1]  The Honorable Edward H. Kubo, Jr. presided.

eight instances in which the parties and witnesses referred to the complaining witnesses as "victim(s)."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Balcita's appeal is without merit.

## I. Consolidation of Trials

Balcita argues on appeal that the consolidation of the two robbery charges against him was improper under Hawai'i Rules of Penal Procedure (**HRPP**) Rule 8(a), which reads:

> Rule 8.        JOINDER OF OFFENSES AND DEFENDANTS.
>
> (a) Joinder of offenses.  Two or more offenses may be joined in one charge, with each offense stated in a separate count, when the offenses:
>
> (1) are of the same or similar character, even if not part of a single scheme or plan; or
>
> (2) are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan.

Also pertinent to this appeal is HRPP Rule 14:

> Rule 14.        RELIEF FROM PREJUDICIAL JOINDER.
>
> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in a charge or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever relief justice requires.

Balcita's argument rests solely on a conclusory statement that "the joinder was improper and prejudicial as the two cases were not based on a series of acts connected together."

The State argues that Balcita waived his right to challenge the consolidation because he failed to bring a motion for severance under HRPP Rule 14, relying on State v. Balanza, 93 Hawai'i 279, 1 P.3d 281 (2000).  In Balanza, the Hawai'i Supreme Court held that where a "joinder is proper under [HRPP] Rule 8, subsequent severance is governed under HRPP Rule 14[.]"  Id. at 288, 1 P.3d at 290.  The supreme court has looked to case law interpreting the Federal Rules of Criminal Procedure to determine that "a defendant's motion under [HRPP] Rule 14 for a severance of counts due to prejudicial joinder must be renewed at the close

of the prosecution's evidence or at the conclusion of all the evidence and unless made at that time it is deemed waived." State v. Matias, 57 Hawai'i 96, 98-99, 550 P.2d 900, 902 (1976).

Here, Balcita did not file a motion to sever the trials for prejudicial joinder under Rule 14. Instead, he opposed the State's Motion to Consolidate. Like the defendant in Balanza, Balcita waived his claim of error for his failure to bring a motion to sever for prejudicial joinder at either the close of the prosecution's case or at the close of all the evidence.

The State also argues, that regardless of waiver, joinder of the cases was proper. In its Motion to Consolidate, the State argued that both offenses involved "(1) the same defendant; (2) the same general vicinity of crime scenes and only a two [2] hour time difference between the crimes; (3) the same crime of Robbery in the Second Degree; (4) the use of force against a person while committing theft; and (5) overlapping evidence." At the hearing on the Motion to Consolidate, Balcita opposed the motion on the basis that "there are probably two separate incidences not related in this matter. One may have happened based on some type of domestic issue because, you know, the complainant is the victim – is the defendant's uncle and the other is a random issue which may involve some drug things." The circuit court granted the motion "for the reasons stated in the State's [Motion to Consolidate] for jury trial."

The circuit court did not exceed the bounds of reason or disregard rules or principles of law or practice to Balcita's substantial detriment in granting the State's Motion to Consolidate. Balanza, 93 Hawai'i at 283, 1 P.3d at 285

## II. Right to Fair Trial

Balcita cites to twenty-eight instances in which the parties or witnesses referred to the complaining witnesses as "victim(s)," which he argues violated his constitutional guarantees of a presumption of innocence and an impartial jury protected by the Hawai'i Constitution and the Sixth Amendment to the United States Constitution. Balcita relies on State v. Nomura, 79 Hawai'i 413, 903 P.2d 718 (App. 1995) for the

3

proposition that the use of the term "victim" by the State and its witnesses during a jury trial was prejudicial.

In Nomura, this court held that the trial court had violated Hawaii Rules of Evidence (**HRE**) Rule 1102 (1993), which prohibits the court from commenting on the evidence, when it used the term "victim" in a jury instruction regarding a statute prohibiting physical abuse of a family or household member. Nomura, 79 Hawai'i at 416-17, 903 P.2d at 721-22 (finding, however, that the error was not prejudicial). This court reasoned,

> [T]he reference to a complaining witness as "the victim" in criminal jury instructions is inaccurate and misleading where the jury must yet determine from the evidence whether the complaining witness was the object of the offense and whether the complaining witness was acted upon in the manner required under the statute to prove the offense charged.

Id. at 417, 903 P.2d at 722. Relying on the result in Nomura, the Hawai'i Supreme Court stated, "unless there are good reasons found by the court for permitting otherwise, the court should instruct all counsel that they and their witnesses must refrain from using the term." State v. Mundon, 129 Hawai'i 1, 26, 292 P.3d 205, 230 (2012) (involving two references by the prosecution and references by three witnesses to the complainant as "victim").

The circuit court twice interjected during the trial with an instruction to the jury and parties on the parties' and witnesses' use of the term "victim." In each instance, the circuit court emphasized the jury's role in determining the existence of a victim or victims in the case. Unlike the trials in Nomura and Mundon, the circuit court here properly instructed the parties' counsels to restrict their use of the term "victim."

In addition to the two curative instructions, the circuit court charged the jury with instructions almost identical to the instructions provided by the court in Nomura. The circuit court instructed the jury, "You must not be influenced at all because [Balcita] has been charged with an offense." Cf. Nomura, 79 Hawai'i at 417, 903 P.2d at 722 ("The jury had been told in Court's Instruction No. 2 that it was 'not to be influenced at all because the defendant had been charged with an offense.'"

4

(brackets omitted)). The circuit court also instructed, "You must presume [Balcita] is innocent of the charge against him. This presumption remains with [Balcita] throughout the trial of the case, unless and until the Prosecution proves [him] guilty beyond a reasonable doubt." Cf. Nomura, 79 Hawai'i at 417-18, 903 P.2d at 722-23 ("The jury was further charged in Court's Instruction No. 3 to 'presume the defendant is innocent of the charge unless and until the prosecution proved the defendant guilty beyond a reasonable doubt.'" (ellipsis and brackets omitted)). Finally, the circuit court instructed, "You are the sole and exclusive judges of the effect and value of the evidence and of the credibility of the witnesses." Cf. Nomura, 79 Hawai'i at 418, 903 P.2d at 723 ("[T]he jury was also advised in Court's Instruction No. 9 that the jurors were 'the sole judges of the credibility of all witnesses and the weight their testimony deserves.'" (ellipsis omitted)).

In determining whether the Nomura trial court had erred in referring to the complaining witness as "victim" in Instruction No. 01, the Nomura court looked at the instructions in their entirety to hold that the instructions were not prejudicially inaccurate or misleading, and thus the error was harmless under HRPP Rule 52(a). Nomura, 79 Hawai'i at 418, 903 P.2d at 723. Similarly, the circuit court's instructions to the jury cured the improper remarks referring to the complainants as "victim(s)." See State v. Mara, 98 Hawai'i 1, 17, 41 P.3d 157, 173 (2002) ("It is well settled that 'a prosecutor's improper remarks are generally considered cured by the court's instructions to the jury, because it is presumed that the jury abided by the court's admonition to disregard the statement.'"); State v. Webster, 94 Hawai'i 241, 248, 11 P.3d 466, 473 (2000) (finding a witness's improper remark was not prejudicial in light of the court's striking of the remark and a cautionary instruction to the jury).

The evidence at trial that Balcita committed offenses found by the jury was strong. In Criminal No. 12-1-1674, it was undisputed that by hugging Complainant #1 and taking the cell phone from his back pocket, Balcita obtained or exerted

unauthorized control over Complainant #1's property, the value of which was not in excess of $100, with the intent to deprive Complainant #1 of the property.  In Criminal No. 12-1-1223, the evidence clearly showed that when Balcita knocked Complainant #2 to the ground and took his wallet, Balcita used force against Complainant #2 with the intent to overcome his physical power of resistance while in the course of committing a theft against Complainant #2.

In light of the strong evidence against Balcita, the improper use of "victim(s)" to refer to the complaining witnesses did not constitute error affecting the fairness, integrity, or public reputation of judicial proceedings.  State v. DeLeon, 131 Hawaiʻi 463, 480, 319 P.3d 382, 399 (2014).

Therefore,

IT IS HEREBY ORDERED that the "Judgment of Conviction and Sentence/Notice of Entry" entered on July 8, 2014 in the Circuit Court of the First Circuit is affirmed.

DATED:  Honolulu, Hawaiʻi, September 21, 2015.

On the briefs:

Shawn A. Luiz
for Defendant-Appellant.

James M. Anderson
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge